# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| WILLIAM WALLER, | ) | 2:12-cv-01910-APG-GWF |
| | ) | |
| Petitioner, | ) | |
| | ) | **O R D E R** |
| vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, INTERNAL REVENUE SERVICE, and JASON BOURNE, | ) ) ) | |
| | ) | |
| Respondents. | ) | |

Currently before the Court are the United States' Motion to Dismiss or Summarily Deny the Petition to Quash IRS Summons (#3) and Petitioner's Motion to Accept Opposition Brief (#7).

## BACKGROUND

Revenue Agent Justin Bourne, erroneously named Jason Bourne in the petition (#1), was assigned to conduct an examination into the federal income tax liabilities of Petitioner William Waller for the 2004 through 2011 tax years. (Bourne Decl. ¶ 3 (#3-2).) On June 28, 2012, Revenue Agent Bourne mailed a letter to Petitioner inquiring into his 2006 through 2011 non-filed income tax returns. (Id. ¶ 4; Ex. A (#3-2).) After receiving no response, Revenue Agent

/ / /

/ / /

/ / /

1

Bourne mailed a letter to Petitioner inquiring into his 2004 and 2005 income tax returns. (Bourne Decl. ¶ 6 (#3-2); Ex. C (#3-2).)

On October 2, 2012, an Internal Revenue Service ("IRS") administrative summons was served on Express Realty Corporation, directing Express Realty Corporation to appear at the IRS office in Las Vegas, Nevada on October 29, 2012 to give testimony and produce all relevant books, papers, records, and other data for the periods 2004 through 2011. (Bourne Decl. ¶ 7 (#3-2); Ex. D (#3-2).) On the same date, a notice of the issuance of the summons, a copy of the summons, and a notice explaining Petitioner's right to bring a proceeding to quash the summons, were sent via certified mail to Petitioner at his last known address. (Bourne Decl. ¶ 10 (#3-2); Ex. E (#3-2).)

On November 7, 2012, Petitioner filed a Petition to Quash IRS Third Party Summons (#1) against the United States of America, the IRS, and Jason Bourne, alleging that the IRS and other Respondents (i) failed to give Petitioner timely notices as required by 26 U.S.C. § 7609(a)(1); (ii) failed to provide Petitioner with a record of persons contacted by the IRS in violation of Section 7602(c)(1) and (2); (iii) issued the summons while a referral for criminal prosecution is pending in violation of Section 7602(d)(2)(A); (iv) failed to meet the good faith requirement under *United States v. Powell*, 379 U.S. 48 (1986); and (v) caused or will cause Petitioner's records to be turned over to the IRS in violation of the "constitutional Privacy Laws" of the United States and the State of Washington.

On January 2, 2013, the United States filed a Motion to Dismiss or Summarily Deny the Petition to Quash IRS Summons (#3). On January 28, 2013, Petitioner filed a Motion for Additional Time to File a Response (#5), requesting an additional thirty (30) days to file a response to the United States' Motion to Dismiss (#3). On February 20, 2013, the Court granted (#6) Petitioner's Motion for Additional Time to File a Response (#5), extending the time for a response until February 25, 2013. On February 28, 2013, Petitioner filed a Motion to Accept Opposition Brief (#7), requesting that the Court accept Petitioner's Brief in Opposition to the

United States' Motion to Dismiss (#3) out of time granted by the Court.  On March 11, 2013, the United States filed a reply (#8) in support of the Motion to Dismiss (#3).

## MOTION TO ACCEPT OPPOSITION BRIEF (#7)

Petitioner requests leniency due to his *pro se* status in the untimeliness of his opposition brief.  The Motion to Accept Opposition Brief (#7) and the opposition brief (#7-1) were sent by Petitioner on February 27, 2013, two days after the deadline to file a response.  The United States does not oppose Petitioner's motion (#7), and filed a reply (#8) addressing Petitioner's opposition (#7-1).  Petitioner's request that the Court accept the untimely opposition brief shall be granted due to his *pro se* status and the non-opposition of Respondents.

## MOTION TO DISMISS (#3)

The United States requests that the Court dismiss the petition (#1) pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction because the United States has not waived sovereign immunity.[1]  Section 7609 of the Internal Revenue Code waives sovereign immunity for a judicial review of IRS summonses. 26 U.S.C. § 7609(b)(2); *Mollison v. United States*, 568 F.3d 1073, 1075 (9th Cir. 2009).  "A statute that waives sovereign immunity must be strictly construed." *Faber v. United States*, 921 F.2d 1118, 1119 (10th Cir. 1990) (citing *Ponsford v. United States*, 771 F.2d 1305, 1306 (9th Cir. 1985)).

Section 7609(b)(2)(A) permits a proceeding to quash an IRS summons "not later than the 20th day after the day [notice of a summons] is given in the manner provided in subsection (a)(2)."  26 U.S.C. § 7609(b)(2)(A).  The twenty-day filing requirement of section 7609(b)(2)(A) is jurisdictional, and "must be strictly construed because it is a condition precedent to the waiver

---

1  The United States makes additional arguments concerning the impropriety of naming the IRS and Revenue Agent Bourne as respondents in this action, and also disputes Petitioner's claims in general.  For example, the United States argues that the IRS summons does not violate the privacy laws of the United States or the state of Washington as Petitioner claims.  Because the Court ultimately concludes that it lacks jurisdiction in this action, the Court shall not rule on the validity of these arguments.

of sovereign immunity." *Ponsford*, 771 F.2d at 1309.   Section 7609(a)(2) provides that notice of a summons is sufficient if it is mailed by certified or registered mail to the last known address of a person.  26 U.S.C. § 7609(a)(2).  "[T]he notice contemplated in section 7609 is 'given' on the date it is mailed," not the date it is received. *Stringer v. United States*, 776 F.2d 274, 276 (11th Cir. 1985); *see also Mollison*, 568 F.3d at 1076.  In addition, applicable Treasury Regulations provide that a person must file a petition to quash a summons not later than the 20th day following the day the notice of the summons was served on or mailed to such person.  26 C.F.R. § 301.7609-4(b)(2).

The IRS served the third-party summons on Express Realty Corporation on October 2, 2012, and gave notice of the summons to Petitioner via certified mail on the same day.  The United States argues that the petition (#1) must be dismissed because Petitioner filed the petition (#1) on November 7, 2012, thirty-six (36) days after notice of the summons was served and mailed.[2]  The Petition to Quash (#1) includes a cause of action alleging that the summons is in violation of section 7609(a)(1) because the IRS failed to give Petitioner notice 23 days prior to the date set to turn over the requested records.  The summons attached as an exhibit to the Petition (#1) shows that the summons was issued on October 2, 2012, for an appearance date of October 29, 2012.  Revenue Agent Bourne's declaration and the accompanying certified return receipts demonstrate that notice of the summons was also sent to Petitioner via certified mail on October 2, 2012.

Petitioner's opposition (#7-1) fails to address the timeliness of his Petition to Quash (#1).  Instead of responding to the threshold jurisdictional question, Petitioner argues that the summons should be quashed because Express Realty Corporation is not, according to Petitioner, a third

---

[2]   While the petition (#1) is signed and dated October 21, 2012, it was not filed until November 7, 2012.  Applicable Treasury Regulations expressly provide that to institute a proceeding to quash a summons, a person must file a petition no later than twenty days after notice of the summons is given.  26 C.F.R. § 7609-4(b)(2).

party recordkeeper as defined by 26 U.S.C. § 7609(b)(2).  As the United States has demonstrated that it met the requirements of Section 7609 in issuing the summons and Petitioner failed to timely file his Petition to Quash, the Petition must be dismissed for lack of jurisdiction.  *See Ponsford*, 771 F.2d at 1309.

## CONCLUSION

**IT IS HEREBY ORDERED** that Petitioner's Motion to Accept Opposition Brief (#7) is **GRANTED**.  The Court considered the Opposition (#7-1) in deciding the United States' Motion to Dismiss (#3).

**IT IS FURTHER ORDERED** that the United States' Motion to Dismiss (#3) is **GRANTED**.  The Petition to Quash (#1) is untimely and is **DISMISSED** for lack of jurisdiction.

The Clerk shall enter judgment accordingly.

DATED this 1st day of May, 2013.

_____
**ANDREW P. GORDON**
**UNITED STATES DISTRICT JUDGE**